IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACKSON HARMON ENTERPRISES, LLC, A Nebraska Limited Liability Company;<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>INSURANCE AUTO AUCTIONS, INC., An Illinois Corporation;<br><br>　　　　　　Defendant. | 8:13CV3194<br><br>MEMORANDUM AND ORDER |

　　　　On August 4, 2014, the court entered a memorandum and order ruling on a motion to compel filed by the plaintiff and a motion for protective order filed by the defendant. (Filing No. 67).  Pending before me is the plaintiff's second motion to compel, along with its request to extend the discovery deadlines, (Filing No. 78), and the defendant's second motion for protective order.  (Filing No. 94).  These second motions address topics that were not raised in the parties' prior motions:  Neither party claims the court's prior order was violated.

　　　　The court has thoroughly reviewed the parties' submissions on the currently pending motions, and the parties' complex history of discovery concessions and modifications to avoid, albeit unsuccessfully, further court intervention.   The primary issue is whether the defendant must produce documents showing plaintiff's delivery of vehicles, trailers, campers, etc. to IAA's outlying lots[1] in Omaha; documents reflecting all hauling transfer fees paid to any tower; and documents showing the movement and delivery locations of all vehicles and trailers for which a tow bill was issued to Midwest. Midwest states that for each tow delivered to an outlying lot, Midwest was required to make a stop in addition to the stops at the pickup point and the stop at the 52nd Street

---

[1] "Outlying lot" is defined as any lot other than the 52nd Street Lot.

Lot, (Filing No. 80, at CM/ECF p. 4, ¶ 9),[2] and Midwest is therefore entitled to recover a 2-stop charge for each of these tows.

The discovery motions raise arguments of alleged false, deceptive and misleading discovery practices by Defendant and its counsel, countered by arguments of dilatory and inattentive trial preparation by Plaintiff's counsel. But a threshold question is whether the discovery requested is relevant or likely to lead to the discovery of relevant information, and the answer to this question may impact the court's decision on whether to deny Plaintiff's motion to compel as untimely filed. That is, the court need not decide if Plaintiff's counsel was untimely, but nonetheless diligent in light of Defendant's alleged misconduct, if the discovery requested in Plaintiff's motion to compel is irrelevant. See, e.g., Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008).

The defendant has moved for summary judgment claiming that under the terms of the parties' contract and the undisputed facts, the plaintiff is not entitled to recover 2-stop charges. (Filing No. 89). In contrast, the plaintiff has moved for partial summary judgment, (Filing No. 84), on the issue of contract liability. Judge Gerrard's ruling on these pending motions will either moot the pending discovery motions, or it will inform

---

[2] Under the Tower Service Level Agreement (TSLA), the tower must:

> Tow to IAA, drop vehicle in Drop Zone, leaving 4-foot buffer around vehicle.
> Set the emergency brake and turn the ignition switch to "OFF".
> The completed Tow Bill and shop receipt are brought to IAA Office.
> The Tow Bill blank copy is left in the car or as directed by Branch Manager.
> Key control and title procedures as directed by the Branch Manager.

(Filing No. 80, at CM/ECF p. 10). The plaintiff claims a 2 stop charge was earned whenever Midwest delivered a vehicle to an outlying IAA lot and was then required to deliver the tow bill to the 52nd street lot.

the parties and the undersigned magistrate judge on the contract's interpretation. That interpretation may, in turn, impact the ruling on the pending discovery motions.

Accordingly,

IT IS ORDERED:

1) In the interests of judicial economy, to avoid entering potentially inconsistent and unnecessary rulings, and to curtail potentially unnecessary expenditures of the parties' time and resources to comply with or further litigate discovery orders, the ruling on the plaintiff's motion to compel, ([Filing No. 78](#)), and the defendant's motion for protective order, ([Filing No. 94](#)), is held in abeyance pending a ruling on the parties' dispositive motions. ([Filing Nos. 84](#) & [88](#)).

2) If the defendant's summary judgment motion is denied, the undersigned magistrate judge will promptly rule on the pending discovery motions, and will further consider any motions by the parties to extend the current progression order deadlines, including the trial and pretrial conference settings.

November 26, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.